WO                                                                                                                                    JL

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

David Randall Osborn,

Plaintiff,

v.

Unknown Wishchuen, et al.,

Defendants.

No.   CV 20-01155-PHX-MTL (JZB)

**ORDER**

Plaintiff David Randall Osborn,[1] who is confined in the Arizona State Prison Complex-Eyman, filed a June 9, 2020 pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and a July 7, 2020 Application to Proceed In Forma Pauperis.  In a July 21, 2020 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On August 4, 2020, Plaintiff filed her First Amended Complaint (Doc. 12).  The Court will dismiss the First Amended Complaint with leave to amend.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

---

[1] Plaintiff indicates she is transgender, and the Court will therefore refer to her with feminine pronouns.

JDDL-K

has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but

because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

## II.    First Amended Complaint

In her three-count First Amended Complaint, Plaintiff sues Sergeant S. Lopez and Corrections Officer II R. Chacon.  Plaintiff asserts claims of threats to her safety under the United States and Arizona Constitutions.  She seeks declaratory and monetary relief, as well as an immediate transfer from Browning Unit to Rynning Unit "around other LGBTI inmates for her safety."

In **Count One**, Plaintiff alleges that on June 4, 2020, Defendant Lopez approached Plaintiff at her cell front and asked what size she is because "they" were going to pick up Plaintiff's bras that day.  Plaintiff said in a low voice that she is a size large, and Defendant Lopez left.  Lopez returned five minutes later and yelled through the front door to the pod that the Lieutenant was going to "pull [Plaintiff] out" for measurements later.  Plaintiff claims yelling these comments in the pod violates medical confidentiality and her constitutional right to privacy, possibly exposing Plaintiff, who is undergoing gender transition, to hostile and violent prisoners in prison gangs.  As her injury, Plaintiff asserts she suffered mental and emotional distress and the possibility of future injury by other prisoners.

In **Count Two**, Plaintiff alleges that later in the day on June 4, 2020, Defendant Chacon stopped in front of Plaintiff's cell during a walk.  Plaintiff had her shirt tied up in a halter top because it was hot.  Chacon told Plaintiff, "undo your shirt like that."  Plaintiff "expressed" that if she had her bras, she would not have to tie up her shirt.  Chacon laughed and ridiculed Plaintiff.  Chacon "got loud enough" for other prisoners in the pod to hear, and Plaintiff asked Chacon to come over to her cell and speak to her privately.  Plaintiff claims Chacon was "very aware" that Plaintiff was concerned about other prisoners hearing him because Plaintiff asked Chacon not to speak so loud about Plaintiff's "bra[] issues." Chacon "did the exact oppos[]ite" and maliciously raised his voice in a deliberate attempt to embarrass Plaintiff.  Chacon told Plaintiff, "take your shirt off let me see if you have

boobs.  This is a mans run!"  As Chacon started down the stairs, he yelled to everyone in the pod, "Are any of you in here [] female?"  The prisoners in the pod were laughing and getting "ri[]led up."  Chacon said that cell 50 (presumably, Plaintiff's cell) is not "really transgender" and that Plaintiff is a man and does not need bras.  Plaintiff claims she has suffered ongoing harassment from fellow prisoners in her pod and fears for her safety.  Plaintiff contends Defendant Chacon's actions have put her safety and security in jeopardy and violated her right to privacy.

In **Count Three**, Plaintiff alleges she respectfully asked for assistance in inquiring about her bras and was accosted with negative comments regarding her opinion and expression of her gender.  On June 6, 2020, Plaintiff apparently made a report against Defendant Chacon under the Prison Rape Elimination Act.  Plaintiff asserts that Defendant Chacon interfered with her privacy by "outing" Plaintiff as a transgender woman who is transitioning and has treated her with a "degra[d]ing show of maliciousness."  Plaintiff claims Chacon thereby threatens "the security of Plaintiff's person" and denies her freedom of expression and opinion.

### III.   Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived her of federal rights, privileges or immunities and (4) caused her damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that she suffered a specific injury as a result of the conduct of a particular defendant and she must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a

civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

### A.   Threat to Safety

To state an Eighth Amendment threat-to-safety or failure-to-protect claim, a plaintiff must meet a two-part test. "First, the alleged constitutional deprivation must be, objectively, sufficiently serious" such that the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted). Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with "deliberate indifference to inmate health or safety." *Id.* (internal quotations omitted). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Id.* at 835. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Id.* at 837 (emphasis added).

#### 1.   Count One

Plaintiff's allegations in Count One are too vague and conclusory to state a threat-to-safety claim. Plaintiff does not allege any facts to support a conclusion that any other prisoner overheard Plaintiff and Defendant Lopez discussing Plaintiff's bras. Furthermore, Plaintiff's allegation that Lopez *possibly* exposed her transition to hostile and violent prisoners, who belong to prison gangs, is wholly speculative and unsupported. *See Williams v. Wood*, 223 Fed. App'x 670, 671 (9th Cir. 2007) ("[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to [plaintiff's] future health.") (citing *Farmer*, 511 U.S. at 843). As presented, Plaintiff has not stated a threat-to-safety claim in Count One.

#### 2.   Count Two

Plaintiff's allegations in Count Two also fail to state a threat-to-safety claim. Although Plaintiff alleges other prisoners overheard Defendant Chacon state that cell 50 is

not "really transgender" and were laughing and getting riled up, she does not allege any facts to support a conclusion that Chacon was aware of and disregarded a substantial risk of serious harm to Plaintiff's safety.  Plaintiff claims she has suffered ongoing harassment by other prisoners, but she has provided no factual detail regarding any such harassment, let alone connected that harassment to Chacon's conduct.  Plaintiff has not offered any factual support for her allegation that she fears for her safety.  *See Williams*, 223 Fed. App'x at 671.

In addition, to the extent that Plaintiff's claim in Count Two is based solely on Defendant Chacon's alleged verbal harassment, Plaintiff fails to state a claim.  Physical sexual assault on a prisoner by a prison official violates the Eighth Amendment, *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000), and "prisoners have a right to be free from sexual abuse," *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004), but "the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment."  *Austin*, 367 F.3d at 1171.  The Ninth Circuit Court of Appeals "has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, [but] has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding [only] the latter to be in violation of the [C]onstitution."  *Minifield v. Butikofer*, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (citing *Schwenk*, 204 F.3d at 1198); *see also Austin*, 367 F.3d at 1171-72 (officer's conduct was not sufficiently serious to violate the Eighth Amendment where officer exposed himself to prisoner but never physically touched him); *Patrick v. Martin*, 402 Fed. App'x 284, 285 (9th Cir. 2010) (sexual harassment claim based on verbal harassment insufficient to state a claim under § 1983).  Likewise, "'[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'"  *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (quoting *Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979)); *see also Somers v. Thurman*, 109 F.3d 614, 624 (9th Cir. 1997) ("To hold that gawking, pointing, and joking violates the prohibition against cruel and

unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd.").

For the foregoing reasons, Plaintiff has failed to state a threat-to-safety claim in Count Two.  The Court will therefore dismiss Count Two.

### B.   Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires states to treat all similarly situated people equally.  *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  Generally, to state a claim for a violation of the Equal Protection Clause, a plaintiff must allege facts plausibly showing that "the defendants acted with an intent or purpose to discriminate against [her] based upon membership in a protected class."  *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (citation omitted). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status."  *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994).

Here, Plaintiff has alleged she is a transgender woman.  However, Plaintiff has not alleged facts to support that any Defendant acted with an intent or purpose to discriminate against her because of her transgender status.

The United States Supreme Court has also recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [she] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also SeaRiver Maritime Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002).  Even under this standard, Plaintiff has failed to state a claim.  Plaintiff has failed to allege that she was treated differently than other similarly situated individuals and that there was no rational basis for treating her differently.  Thus, Plaintiff fails to state an equal protection claim in the First Amended Complaint.

### C.   Freedom of Expression

To the extent that Plaintiff intends to assert a claim under the First Amendment, she

fails to state a claim.  The First Amendment provides that "Congress shall make no law …
abridging the freedom of speech."  U.S. Const. amend. I.  While "[t]he First Amendment
literally forbids the abridgment only of 'speech,'" the Supreme Court has "long recognized
that its protection does not end at the spoken or written word." *Texas v. Johnson*, 491 U.S.
397, 404 (1989).  A message "delivered by conduct that is intended to be communicative
and that, in context, would reasonably be understood by the viewer to be communicative,"
*Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 294 (1984), is symbolic speech
that falls "within the scope of the First and Fourteenth Amendments." *Johnson*, 491 U.S.
at 404.

"Because the Court has eschewed a rule that 'all conduct is presumptively
expressive,' individuals claiming the protection of the First Amendment must carry the
burden of demonstrating that their nonverbal conduct meets the applicable standard."
*Knox v. Brnovich*, 907 F.3d 1167, 1181 (9th Cir. 2018) (quoting *Clark*, 468 U.S. at 293
n.5).  Expressive conduct is characterized by two requirements: (1) "an intent to convey a
particularized message" and (2) a "great" "likelihood . . . that the message would be
understood by those who viewed it." *Johnson*, 491 U.S. at 404.  Thus, to prevail on a First
Amendment freedom-of-expression claim, Plaintiff must establish that her conduct is
expressive.  *Knox*, 907 F.3d at 1181.

Plaintiff has not alleged that she engaged in any expressive conduct or that her
expressive conduct was burdened.  As the court in *Vuz v. Dcss III, Inc.*, 2020 WL 4366023
(S.D. Cal. July 30, 2020) observed,

> Courts have considered various challenges brought by individuals claiming
> that their First Amendment rights were violated based on their expressions
> of their sexual orientation or gender identity; however, where litigants have
> raised successful challenges, they have done so on the basis that some
> "conduct"—beyond the mere act of existing with said gender identity or
> sexual orientation—was suppressed by an unconstitutional burden.

*Id.* at *9.  Thus, Plaintiff fails to state a First Amendment claim in the First Amended

1    Complaint.[2]

2        **D.    Universal Declaration of Human Rights**

3        Plaintiff designates Count Three as asserting claims under Articles 3, 5, 12, and 19

4    of the Universal Declaration of Human Rights.   The Universal Declaration of Human

5    Rights Treaty does not "of its own force impose obligations as a matter of international

6    law." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004).   Thus, the Court will dismiss

7    Count Three.

8    **IV.   Leave to Amend**

9        For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed

10   for failure to state a claim upon which relief may be granted.   Within 30 days, Plaintiff may

11   submit a second amended complaint to cure the deficiencies outlined above.   The Clerk of

12   Court will mail Plaintiff a court-approved form to use for filing a second amended

13   complaint.   If Plaintiff fails to use the court-approved form, the Court may strike the second

14   amended complaint and dismiss this action without further notice to Plaintiff.

15       Plaintiff must clearly designate on the face of the document that it is the "Second

16   Amended Complaint."   The second amended complaint must be retyped or rewritten in its

17   entirety on the court-approved form and may not incorporate any part of the original

18   Complaint or First Amended Complaint by reference.   Plaintiff may include only one claim

19   per count.[3]

20   _____

21       [2] Some federal courts have recognized a based on a right to privacy in information that is of a sexual, personal, or humiliating nature, or when the release of the information could subject the person to a risk of bodily harm.  *See, e.g.*, *Powell v. Schriver*, 175 F.3d

22   107, 111 (2d Cir. 1999) ("[T]he right to confidentiality includes the right to protection regarding information about the state of one's health.").   In *Powell*, the Second Circuit

23   observed, in concluding that an individual's transgender status qualifies for constitutional protection, that "transsexualism is the unusual condition that is likely to provoke both an

24   intense desire to preserve one's medical confidentiality, as well as hostility and intolerance from others."  *Id.*   Thus, courts have found that a plaintiff stated a claim where a prison

25   official intentionally revealed or threatened to reveal that a prisoner is transgender and is transitioning.  *See id.* at 109-11 (2d Cir. 1999) (prison guard openly discussed an inmate's

26   transgender status in the presence of other inmates).   However, neither the Supreme Court nor the Ninth Circuit has recognized such a claim.

27

28       [3] Rule 10(b) states that a party "must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . .   If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**V.    Warnings**

**A.    Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of her release, either (1) notify the Court that she intends to pay the unpaid balance of her filing fee within 120 days of her release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies

---

stated in a separate count."  Local Rule of Civil Procedure 3.4 incorporates a similar requirement for prisoner complaints, which must comply with the prisoner complaint form's instruction that a plaintiff allege only "one violation per count."  LRCiv 3.4; Instructions at 3, ¶ 12.  Plaintiff's First Amended Complaint did not comply with Rule 10(b) of the Federal Rules of Civil Procedure and Rule 3.4 of the Local Rules of Civil Procedure because in each Count, Plaintiff alleges more than one violation.  For example, in Count One, Plaintiff asserts violations of the right to privacy and equal protection under the Fourteenth Amendment and incitement to discrimination under Article 7 of the Universal Declaration on Human Rights.   If Plaintiff files a second amended complaint, **she must not include more than one violation per count**.

identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g)

### D.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   The First Amended Complaint (Doc. 12) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)   If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(3)   The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 13th day of August, 2020.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
| --- | --- | --- |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona   85003-2119 | | Tucson, Arizona   85701-5010 |

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
Name:   _____
Address:_____
            Attorney for Defendant(s)

_____
(Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

    2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

    3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
(To be supplied by the Clerk)

## CIVIL RIGHTS COMPLAINT
## BY A PRISONER

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

### A.   JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
  ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
  ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
  ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

**B.   DEFENDANTS**

1.   Name of first Defendant: _____.  The first Defendant is employed
as: _____ at_____.
                                (Position and Title)                                                                           (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
                                (Position and Title)                                                                           (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed
as: _____ at_____.
                                (Position and Title)                                                                           (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed
as: _____ at_____.
                                (Position and Title)                                                                           (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.   PREVIOUS LAWSUITS**

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

    b.   Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

    c.   Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                               ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count I?          ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?     ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities        ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings    ☐ Property        ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                               ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count II?        ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

4

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _____
_____ .

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
 ☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
 ☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
 ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____ .

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.   **Administrative Remedies.**
 a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
 b.   Did you submit a request for administrative relief on Count III? ☐ Yes ☐ No
 c.   Did you appeal your request for relief on Count III to the highest level? ☐ Yes ☐ No
 d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____ .

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

### E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____ .


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____             _____

                              DATE                                                                SIGNATURE OF PLAINTIFF


_____

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____

(Signature of attorney, if any)


_____

(Attorney's address & telephone number)


### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.